UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GALA ABRAHAM,

    Plaintiff,

       v.

SYLVIA MATHEWS BURWELL,
Secretary, U.S. Dep't of Health and Human
Services,

    Defendant.

Civil Action No.  15-36 (JEB)

MEMORANDUM OPINION

Plaintiff Gala Abraham, a black woman over the age of 40, is a former employee of the Food and Drug Administration, a component of the U.S. Department of Health and Human Services located in Maryland.  She contends that, beginning in 2010, her supervisors improperly declined to select her for promotions and transfer and, ultimately, wrongfully terminated her employment.

Believing that such actions constitute discrimination on the basis of her race, sex, and color, as well as retaliation for engaging in protected activities, Plaintiff brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, against the Secretary of HHS.  Defendant now moves to dismiss or, in the alternative, for transfer of venue under Federal Rule of Civil Procedure 12(b)(3).  As HHS correctly points out that the case does not belong in the District of Columbia, the Court will grant the Motion and transfer the matter to Maryland.

I.      Background

According to Plaintiff's Complaint, Abraham worked as a Management Specialist at the FDA beginning in 2003.  See Compl., ¶¶ 4, 6.  She was based at an FDA office in Rockville,

Maryland, from 2003-07, and then subsequently in the agency's office in Silver Spring, Maryland, until her termination.  See Mot., Att. 1 (Declaration of Michelle King), ¶ 3.  Abraham alleges that her supervisors at the Maryland offices "participated in/or approved numerous actions which created workplace hostility and harm" that ultimately resulted in her termination in 2012.  See Compl., ¶ 6.

Plaintiff first encountered the alleged discrimination in 2010 when her immediate supervisor informed her that she need not apply for a vacant position at a higher step level – a promotion with an increased salary – because she would not be selected.  See Compl., ¶ 18. Following this incident, Abraham contacted an EEO counselor and filed complaints asserting that she had been discriminated against on the basis of race, color, sex, and age.  See id., ¶ 48. She later filed additional complaints claiming retaliation and workplace hostility.  See id.

Plaintiff was thereafter rejected for step-level promotions in September 2011 and January 2012 and denied permanent transfer to the Office of Compliance, even though she had a "fully successful" performance rating during a temporary detail to that office.  See id., ¶¶ 10, 17-27. The Court takes judicial notice that the Office of Compliance is located in Silver Spring, Maryland.  See http://www.fda.gov/AboutFDA/ CentersOffices/OfficeofMedicalProductsandTobacco/CDER/ucm081992.htm.  Plaintiff also alleges that her EEO activity led the Office of Internal Affairs to include her in an investigation of an office affair between a coworker and a supervisor.  See id., ¶ 11.  During mandatory interviews, Plaintiff was given an "Administrative Warning" regarding her alleged involvement in the affair, see id., ¶¶ 13-14, although the import of such warnings is unclear.  On one occasion, she was informed that she was suspected of distributing pornographic DVDs and sexually explicit letters to co-workers, id., ¶ 15, and in February 2012, the FDA suspended her for 12 days

without pay for this conduct.  See id., ¶ 29.  Before she served the suspension, however,

Abraham received a Notice of Proposed Removal.  See id., ¶ 30.

Upon her termination, Plaintiff filed an appeal with the United States Merit Systems

Protection Board.  See id., ¶ 48.  After failing to achieve success there, she brought this action.

Defendant has now moved for dismissal or transfer of venue.

## II.    Legal Standard

When presented with a motion to dismiss or transfer for improper venue under Fed. R.

Civ. P. 12(b)(3), the Court "accepts the plaintiff's well-pled factual allegations regarding venue

as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and

resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d

14, 17 (D.D.C. 2008) (citing Darby v. Dep't of Energy, 231 F. Supp. 2d 274, 276-77 (D.D.C.

2002)).  The Court need not, however, accept the plaintiff's legal conclusions as true, Darby, 231

F. Supp. 2d at 277, and may consider material outside of the pleadings.  See Artis v. Greenspan,

223 F. Supp. 2d 149, 152 (D.D.C. 2002) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947)).

"Because it is the plaintiff's obligation to institute the action in a permissible forum, the plaintiff

usually bears the burden of establishing that venue is proper." Freeman v. Fallin, 254 F. Supp.

2d 52, 56 (D.D.C. 2003); 15 Charles Alan Wright & Arthur R. Miller, Federal Practice and

Procedure § 3826 (2d ed. 1986 & Supp. 2006) ("[W]hen an objection has been raised, the burden

is on the plaintiff to establish that the district he or she has chosen is a proper venue.").  To

prevail on a motion to dismiss for improper venue, however, "the defendant must present facts

that will defeat the plaintiff's assertion of venue." Khalil v. L-3 Commc'ns Titan Grp., 656 F.

Supp. 2d 134, 135 (D.D.C. 2009) (citing James v. Verizon Servs. Corp., 639 F. Supp. 2d 9, 11

(D.D.C. 2009)).  "Unless there are pertinent factual disputes to resolve, a challenge to venue

presents a pure question of law."  Williams v. GEICO Corp., 792 F. Supp. 2d 58, 62 (D.D.C. 2011).

## III.   Analysis

Venue in Title VII cases is governed by statute.  Such an action may be properly brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . ."  42 U.S.C. § 2000e-5(f)(3).  The fourth prong of this test provides that "if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office."  Id.

In moving for dismissal or transfer here, Defendant argues that the District of Columbia is an improper venue under this statute.  More specifically, HHS contends that each of the first three prongs demonstrates that Maryland is the only appropriate venue, and that the fourth prong does not apply here.  The Court considers each in turn.

### A.  Prong 1

On the first prong, Defendant maintains that Plaintiff's own allegations show that the discrimination occurred where she worked.  This, indisputably, was the state of Maryland.  See King Decl., ¶ 3.  Indeed, Abraham herself admits that "most of the [discriminatory] actions . . . took place in . . . Maryland."  Opp. at 5.  This would appear to resolve the issue because "venue cannot lie in the District of Columbia when 'a substantial part, if not all, of the employment practices challenged in this action' took place outside the District even when actions taken in the District 'may have had an impact on the plaintiff's situation.'"  James v. Booz-Allen, 227 F.

Supp. 2d 16, 20 (D.D.C. 2002) (citation omitted); see also Verizon Servs. Corp., 639 F. Supp. 2d

at 12; Donnell v. Nat'l Guard Bureau, 568 F. Supp. 93, 94 (D.D.C. 1983) (citation omitted)

("Venue determinations of where a claim arose are based on a 'commonsense appraisal' of

events . . . Title VII determinations of the locus of disputed employment practices should be

examined in a similar vein.").

Plaintiff nonetheless argues that the District is the proper venue because the employee

who recommended her termination worked from an FDA office there. See Opp., Att. 1

(Declaration of Gala Abraham), ¶¶ 5, 11. Yet that individual, Christina Black, simply works in

the Agency's Office of General Counsel. See id., ¶ 5. She was not the official who either

suspended or terminated Abraham. Nor, of course, was she involved in any of the denials of

step-grade promotions or transfers or the purported hostile work environment. Any

"commonsense appraisal" of the events affecting Plaintiff's employment plainly demonstrates

that Abraham's claim arises in Maryland, and she may thus not rely on prong 1.

B. Prong 2

The next prong looks to where a plaintiff's employment records are maintained and

administered. Here, HHS has submitted the declaration of Michelle King, an FDA Supervisory

Human Resources Specialist, who avers that "Abraham's employment records are maintained

and administered" by FDA's office in Bethesda, Maryland. See King Decl., ¶¶ 1, 4. Plaintiff

responds, however, that because "the documents gathered in the EEO investigation" and "all . . .

[her] files and paperwork" were stored at agency headquarters in Washington, D.C., see

Abraham Decl., ¶¶ 1-2, a contrary outcome is warranted.

She is incorrect. This Court has held that the "location where Plaintiff's EEO complaints

were initiated and processed [does not] provide[] a basis for venue under prong 2 of § 2000e-

5(f)(3)." Ellis-Smith v. Sec'y of Army, 793 F. Supp. 2d 173, 176 (D.D.C. 2011); see also

Amirmokri v. Abraham, 217 F. Supp. 2d 88, 90-91 (D.D.C. 2002) ("While it may be true that

records relating to plaintiff's unlawful employment practice complaint and the investigation

thereof are maintained in the District of Columbia, such records are not 'employment records'

within the meaning of the statute."); Lee v. England, No. 02-2521, 2004 WL 764441, at *1

(D.D.C. Mar. 9, 2004) ("Plaintiff's assertion that the 'administrative processing' of his case has

been through the Human Resources Office at the Washington Navy Yard seeks to sidestep the

language of the statute, which deals not with administrative processing of the litigation but with

the maintenance and administration of employment records relevant to the challenged

employment practice."); Saran v. Harvey, No. 04-1847, 2005 WL 1106347, at *3 (D.D.C. May

9, 2005) ("Although she may have filed her EEOC complaint in Washington, her employment

records are not considered 'maintained and administered' at the EEOC office for purposes of

determining proper venue under 42 U.S.C. § 2000e-5(f)(3).").

    This Court has also held that "Congress 'explicitly limited venue under the second prong

to the one judicial district in which the complete set of relevant employment records is located.'"

Crowley v. Napolitano, 925 F. Supp. 2d 89, 92 (D.D.C. 2013) (quoting Verizon Servs. Corp.,

686 F. Supp. at 363); see also Washington v. Gen. Elec. Corp., 686 F. Supp. 361, 363 (D.D.C.

1988) ("Congress intended venue to lie . . . in the one judicial district in which the complete,

'master' set of employment records is 'maintained and administered.'").  In this case, the records

retained in the District were only those pertaining to the EEO investigation; the master set of

Plaintiff's employment records, conversely, is maintained and administered in Maryland.

    As a last-ditch effort, Abraham asserts that because HHS conducted depositions in a

Washington office, it has implicitly consented to venue here.  This does not pass the blush test,

and Plaintiff offers no authority to show that it does.  This Court must follow Title VII's venue

provisions, and they make no allowance for this type of waiver.  The second prong thus also does

not provide for venue here.

      C.  <u>Prongs 3 and 4</u>

      Prong 3 – authorizing venue in the district where the employee would have worked but

for the discrimination – also favors HHS, which correctly argues that since the denied transfers

or promotions were for positions located in Maryland, that remains the proper venue.  Plaintiff

apparently concedes this point as she fails to address this prong in her Opposition.

      Prong 4 only applies if the "defendant cannot be found in any other districts where venue

is appropriate."  <u>Booz-Allen</u>, 227 F. Supp. 2d at 24.  That is not the case here.  As prongs 1-3

indicate Maryland is the proper venue and HHS may be found there, the Court need not consider

prong 4.

      D.  <u>Transfer</u>

      When venue is improper, the Court must dismiss the claim or, "if it be in the interest of

justice, transfer [it] to any district or division in which it could have been brought."  28 U.S.C. §

1406(a).  "Although the decision to transfer or dismiss is committed to the sound discretion of

the district court, the interest of justice generally requires transferring a case to the appropriate

judicial district in lieu of dismissal."  <u>Ellis-Smith</u>, 793 F. Supp. 2d at 177 (citing <u>Goldlawr, Inc.</u>

<u>v. Heiman</u>, 369 U.S. 463, 466-67 (1962)).  This is what the Court will do.  The only jurisdiction

in which Plaintiff's claim could have been brought is the District of Maryland, and that is where

the case will be transferred.

## IV.      Conclusion

For the reasons articulated above, the Court will issue an order granting Defendant's

Motion and transferring the case to the District of Maryland.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  June 8, 2015