IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| GALA ABRAHAM, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-15-1815 |
| SYLVIA MATHEWS BURWELL, *Secretary of the U.S. Department of Health & Human Services,* | * * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Gala Abraham ("Plaintiff" or "Abraham") has brought this action against Defendant Sylvia Burwell, Secretary of the United States Department of Health and Human Services ("Defendant" or "HHS"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. In particular, Plaintiff alleges that HHS retaliated against her for engaging in protected behavior.

Now pending before this Court is Defendant's Motion to Dismiss, or, in the alternative, for Summary Judgment. (ECF No. 34.) The Court has reviewed the parties' submissions and determined that no hearing is necessary. *See* Local Rule 105.6. (D. Md. 2014.) For the reasons stated below, Defendant's Motion to Dismiss (ECF No. 34) is GRANTED, and Plaintiff's Amended Complaint (ECF No. 33) is DISMISSED.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011).  From December 2003-July 2014, Plaintiff Gala Abraham was employed by HHS as a Management Specialist at the Food and Drug Administration ("FDA"). (Am. Compl., ECF No. 33 at ¶¶ 4-6.)  On December 28, 2010, Plaintiff filed a discrimination complaint with the Equal Employment Opportunity ("EEO") office against her immediate supervisor, Raya McCree ("McCree"), and second level supervisor, ShaAvhree Buckman.  (*Id.* at ¶ 7.)  In her complaint, Plaintiff alleged that Ms. McCree rejected Plaintiff's application for a vacant job position because of her age, race, and gender.  (*Id.*)  In July 2013, an Administrative Law Judge for the Equal Employment Opportunity Commission ("EEOC") issued a final order dismissing Plaintiff's 2010 discrimination and 2011 retaliation complaints.  *See* ECF No. 34 at 8.

While Plaintiff's EEO complaint was before the EEOC, Ms. Abraham continued to work at HHS, serving on a temporary detail at the FDA's Office of Compliance under the supervision of Colin Figueroa from April 2011 through September 2011.  (ECF No. 33 at ¶¶ 9-10.)  During this temporary assignment, the Office of Internal Affairs ("Internal Affairs") held several meetings with Plaintiff as part of an investigation into her alleged inappropriate conduct in the workplace.  (ECF No. 33.)  At the first meeting, in April 2011, Plaintiff received an "Administrative Warning" for her alleged involvement in spreading rumors about Ms. McCree and a male colleague.  (*Id.* at ¶¶ 11, 14.)  In May and June of 2011, Plaintiff attended two additional interviews with Internal Affairs, where she received further

"Administrative Warnings" for her behavior. (*Id.* at ¶¶ 13-14.) During the final interview, in September 2011, Internal Affairs informed Plaintiff that she was suspected of sending a pornographic video and sexually explicit letter to Ms. McCree and the aforementioned male colleague. (*Id.* at ¶ 15.) Later that month, Plaintiff received notice of a proposed 12-day suspension.[1] (*Id.* at ¶ 17.)

During the summer of 2011, while the investigation was ongoing, Plaintiff applied for another vacant job position. (ECF No. 33.) Ms. McCree rejected Plaintiff's application in September 2011. (*Id.* at ¶ 17.) On October 31, 2011, Plaintiff filed her second EEO complaint alleging unlawful retaliation for her prior EEO activity. (*Id.* at ¶ 18.)

Following a four-month investigation into Plaintiff's conduct, Defendant ordered Plaintiff's 12-day suspension effective on February 12, 2012. (ECF No. 33 at ¶ 33.) Subsequent to her May 2012 return, however, Plaintiff was placed on administrative leave based on new allegations of misconduct. (*Id.* at ¶ 32.) On November 14, 2012, Plaintiff filed her third EEO complaint asserting unlawful discrimination and retaliation.[2] (*Id.* at ¶ 29.) On January 3, 2013, Defendant issued an amended proposed removal notice, citing four grounds for Plaintiff's termination. (*Id.* at ¶¶ 33-34.) In February 2013, a Deciding Official for HHS sustained all four charges and affirmed Plaintiff's termination. *See* ECF No. 34 at 4-7.

---

[1] Though Plaintiff's Amended Complaint states that she received notice of the proposed 12-day suspension in September 2011, Defendant's Motion specifies that official notice was issued on January 5, 2012, with an effective date in February 2012. This distinction is immaterial to the present analysis.

[2] Plaintiff's Amended Complaint states that the third EEO complaint was filed in January 2012; however, the Administrative Record filed by defendant indicates that the filing date was in November 2012. *See* ECF No. 34-2 at 2.

Plaintiff subsequently filed an appeal of her removal to the Merit Systems Protect Board ("MSPB") in August 2013. (ECF No. 33 at ¶ 46.) On November 7, 2014, Administrative Law Judge Styles affirmed Plaintiff's termination, with an effective date of December 12, 2014. (*Id.*)

Plaintiff filed the pending action in this Court on January 12, 2015. (ECF No. 33 at 9-10.) The sole count asserted in the Plaintiff's Amended Complaint is for unlawful retaliation against Plaintiff for her prior EEO activity, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* (*Id.* at 9.)

STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

When ruling on a motion to dismiss under Rule 12(b)(6), this Court is guided by the Supreme Court's instructions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), which "require complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir.2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working

4

principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

First, while a court must accept as true all the factual allegations contained in the plaintiff's complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim; *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments."). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. A claim is considered plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCleary-Evans v. Maryland Department of Transportation, State Highway Administration*, 780 F.3d 582, 584 (4th Cir. 2015); *Iqbal*, 556 U.S. at 663. Courts will "draw on judicial experience and common sense" when determining whether the pleader has stated a plausible claim for relief." *Id.* at 664.

## ANALYSIS

Plaintiff alleges three forms of retaliation: (1) creation of a hostile work environment, (2) unjustified 12-day suspension, and (3) unwarranted termination of employment. (ECF No. 33.) Defendant argues that Plaintiff's claims should be dismissed for two principal reasons. First, Defendant argues that Plaintiff is time-barred from raising any issues

included in her 2010 and 2011 EEO complaints. (ECF No. 34 at 2.) Second, Defendant argues that Plaintiff is incapable of demonstrating that the reason for her termination was retaliation for prior EEO activity in light of the overwhelming evidence of her misconduct. (*Id.*)

> I. **Timeliness of Appeal of 2010 and 2011 EEO Complaints**

It is undisputed that Plaintiff failed to file a timely appeal of the EEOC's decisions in this Court. Instead, Plaintiff argues that "by filing an MSPB…appeal, [Plaintiff] transformed her administrative action from an EEO case complaint into an MSPB mixed case appeal. . . at that point, all issues raised in the plaintiff`s 2010 & 2011 EEO Complaints are transferred to the MSPB proceeding." (ECF No. 41 at 12.) Since the MSPB did not render a final decision until December 12, 2014, Plaintiff asserts that her original complaint was timely filed within the 30-day time restriction specified in 29 C.F.R. § 1614.310(a). Defendant asserts that because Plaintiff's MSPB appeal was based on her removal in 2012 and <u>not</u> on her earlier EEO complaints, Plaintiff may not raise in this case any issues included in the earlier complaints. (ECF No. 42 at 2.)

"A mixed case complaint is a complaint of employment discrimination…related to or stemming from an action that can be appealed to the Merit Systems Protection Board (MSPB)." 29 C.F.R. § 1614.302. *See Kloeckner v. Solis*, 133 S. Ct. 596, 601(2012); *see also Bonds v. Leavitt*, 629 F.3d 369, 378 (4th Cir. 2011). Pursuant to 5 U.S.C. § 7512, the MSPB has appellate jurisdiction over a narrow set of statutorily enumerated adverse actions undertaken by an agency: removals, suspensions greater than 14-days, reductions in pay or pay grade, and furloughs of 30-days or less. 5 U.S.C. § 7512; *see Williams v. Dept. of the Army*, 651 F.2d

243, 244 (4th Cir 1981). Without invoking one of these grounds, a federal employee may not appeal a Final Agency Decision ("FAD") to the MSPB, thereby limiting their appellate options to those available for non-mixed case complaints. S*ee Williams,* 651 F.2d at 244.

Here, Plaintiff's MSPB appeal was based on her removal in 2012. The MSPB appeal was not—and could not have been—based on the 2010 and 2011 EEO claims: these claims did not result in adverse employment actions subject to MSPB review. *See* 5 U.S.C. § 7512. Thus, "[Plaintiff's] claim . . . went forward not under the special procedures for mixed cases, but under the EEOC's regulations for all other charges of discrimination." *Kloeckner*, 133 S. Ct. at 602.

While Plaintiff did have an opportunity to appeal the FAD based on her 2010 and 2011 EEO claims to this Court, she did not exercise her right to do so. Because plaintiff did not appeal the 2012 FAD to this Court, she has failed to exhaust her administrative remedies, and is now time-barred from bringing those claims in this case. *See* 29 C.F.R. §§ 1614.401(a). Nor may plaintiff "revive these claims now by labeling them as part of a hostile work environment claim." *Simmington v. Gates*, 2010 WL 1346462, at *7 (D. Md. Mar. 30, 2010). Accordingly, Plaintiff's 2010 and 2011 EEO complaints are time barred and must be dismissed.

**II.   Plaintiff's Retaliation Claim**

Even if her claims were not time barred, plaintiff, relying on circumstantial evidence of defendant's misconduct, fails to state a plausible claim for retaliation under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). A plaintiff first must establish a *prima facie* case of retaliation by showing that: "(1) she engaged

in protected activity; (2) the employer acted adversely against her; and (3) there was a causal connection between the protected activity and the asserted adverse action." *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008) (citing *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007)). After the employee establishes a *prima facie* case, the burden shifts to the employer to rebut the inference of retaliation. *McDonnell Douglas*, 411 U.S. at 802. Although the employer's burden is not onerous, it must articulate "some legitimate, nondiscriminatory reason" for the adverse employment action. *Id.* Once the employer produces a legitimate, nondiscriminatory reason, the burden returns to the plaintiff to prove that the defendant's stated reason is pretextual. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). To that end, the employee must either show that the employer's explanation is "'unworthy of credence' or . . . offer[] other forms of circumstantial evidence sufficiently probative of" the retaliation. *Mereish v. Walker*, 359 F.3d 330, 332 (4th Cir. 2004); *see also McGrath-Malott v. Maryland*, 565 F. Supp. 2d 656, 670-71 (D. Md. 2008).

Here, Plaintiff fails to proffer any plausible factual content suggesting that Defendant's actions were retaliatory. Specifically, Plaintiff fails at step one of the *McDonnell Douglas* framework, as Plaintiff is unable to demonstrate a nexus between her protected EEO activity and any of the adverse employment actions taken against her.[3] Indeed, the record reflects that Plaintiff was suspended not because she filed EEO complaints, but,

---

[3] Hostile work environment is not deemed an "adverse action" for purposes of the *McDonnell Douglas* framework. *See Holland v. Washington Homes, Inc.*, 487 F3d 208, 219 (4th Cir. 2007) (internal citations omitted) (defining adverse action in the Title VII context as "a discriminatory act that adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment"). Nevertheless, Plaintiff's complaint includes only conclusory statements regarding the plausibility of such hostility, leaving "[o]nly speculation [to] fill the gaps in [the Plaintiff's] complaint."). *See McCleary-Evans v Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015).

rather, because she engaged in inappropriate conduct at work, which the Final Agency Decision documents in significant detail. *See* ECF No. 34 at 8. Specifically, Plaintiff was terminated for four legitimate reasons, including: (1) engaging in inappropriate behavior towards her supervisor; (2) using her government-issued computer to access sexually explicit websites on forty-five (45) different occasions; (3) accessing and releasing confidential agency information without authorization; and (4) failing to follow supervisor instructions regarding investigations into her conduct. *See Abraham v. Department of Health and Human Services*, DC-0752-13-1286-I-1 (U.S. MSPB 2014). Hence, no "but-for" relationship exists between Plaintiff's EEO activity and Defendant having disciplined Plaintiff for her misconduct.

It is well established that "employers retain…the right to discipline or terminate employees for any legitimate, nondiscriminatory reason." *See McCleary-Evans v Maryland Dept. of Transp., State Highway Admin.*, 780 F.3d 582, 586 (4th Cir. 2015). In this case, Defendant appropriately exercised this right. *Glover v. S.C. Law Enf't Div.*, 170 F.3d 411, 414 (4th Cir.1999). As ALJ Styles correctly noted, "[i]t was no secret that [plaintiff] engaged in EEO activity [by filing her complaints], but it must be noted that filing an EEO complaint does not shield an [employee] from having an adverse action taken against her." *Abraham v. Department of Health and Human Services*, DC-0752-13-1286-I-1, 24 (U.S. MSPB 2014). S*ee Guerrero v. Lynch*, 621 Fed Appx 755, 756 (4th Cir. 2015) ("An employee is not shielded from discipline merely by engaging in protected activity under Title VII.") *(citing Glover v. S.C. Law*

*Enf't Div.,* 170 F.3d 411, 414 (4th Cir.1999)). Thus, even if Plaintiff's claims were not time barred, they would be dismissed on the merits for failure to state a plausible claim.[4]

CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 34) is GRANTED. This case is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: October 31, 2016

\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge

---

[4] In light of this result, the Court need not reach the merits of Defendant's Motion, in the Alternative, for Summary Judgment or Plaintiff's related request for discovery.